# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| STATE OF DELAWARE, | ) |
| | ) |
| v. | ) **ID Nos. 1808016234 and 1808016273** |
| | ) **Cr. A. Nos. IN16-11-1065, etc.** |
| VON MILES, | ) |
| Defendant. | ) |

Submitted: January 15, 2020
Decided: February 5, 2020

## ORDER

*Upon Defendant, Von Miles's, Motion for Postconviction Relief,*
**DENIED**.

This 5th day of February, 2020, upon consideration of the Defendant Von Miles's *Pro Se* Motion for Postconviction Relief (D.I. 36; D.I. 29)[1] and the amendments thereto, the State's responses, the Commissioner's Report and Recommendation that Mr. Miles's *Pro Se* Motion for Postconviction Relief should be **DENIED**, and the record in this case, it appears to the Court that:

(1)   On March 4, 2019, Von Miles pleaded guilty to felony reckless endangering, felony drug dealing, and misdemeanor criminal contempt. This plea resolved two indictments and multiple violations of probation.[2]   Mr. Miles's

---

[1]   These are duplicate motions filed in Miles's above "co-linked" cases. For simplicity's sake all further docket references will use those entries made in Case No. 1808016234 only.

[2]   Plea Agreement, *State v. Von Miles*, ID Nos. 1808016234 and 1808016273 (Del. Super. Ct. Apr. 5, 2016) (D.I. 21).

-1-

sentencing was deferred for almost two weeks to give the parties an opportunity to provide the Court with sentencing memoranda or other sentencing information.

(2) On March 15, 2019, he was sentenced to serve: for Criminal Contempt – six months at Level V (to be served under the terms of 11 *Del. C.* § 4202(k)); for Reckless Endangering – five years at Level V suspended after six months (also to be served under the terms of 11 *Del. C.* § 4202(k)) for 4 years at Level IV (Work Release), suspended after six months for two years at Level III (GPS); and for Drug Dealing – eight years at Level V suspended in whole for 18 months at Level III (GPS).[3] All of the probated terms Mr. Miles had been serving for prior convictions were discharged at the time of this sentencing.[4]

(3) In June 2019, Mr. Miles filed a timely *pro se* Motion for Postconviction Relief pursuant to Superior Court Criminal Rule 61.[5]

(4) That motion was referred to Superior Court Commissioner Katharine L. Mayer in accordance with 10 *Del. C.* § 512(b) and Superior Court Criminal Rule 62 for proposed findings of fact, conclusions of law, and recommendations for its disposition.

---

[3] Modified Sentencing Order, *State v. Von Miles*, ID Nos. 1808016234 and 1808016273 (Del. Super. Ct. Apr. 23, 2019) (D.I. 28).

[4] D.I. 24-26, 28.

[5] D.I. 36.

(5)     The Commissioner docketed her Report and Recommendation on January 15, 2020.[6] The Commissioner recommended that Mr. Miles's Motion for Postconviction Relief be denied.[7]

(6)     "Within ten days after filing of a Commissioner's proposed findings of fact and recommendations . . . any party may serve and file written objections."[8] Neither Mr. Miles nor the State filed an "objection" to the Commissioner's Report under Criminal Rule 62(a)(5)(ii).

(7)     The Court accepts, in whole, the findings of fact and recommendations made by the Commissioner.[9] After a thorough review of the record in this case, the Court finds there is no constitutional or legal basis to doubt the validity of Mr. Miles's conviction—his guilty plea was knowing, voluntary, and intelligent. Nor is there a doubt that Mr. Miles's counsel was wholly effective when investigating and evaluating his case for potential suppression issues or other defenses, when litigating the issues that counsel had a good faith basis to believe had merit, when negotiating a plea resolution—which included resolution of every violation of probation Mr. Miles then had pending, and when assisting Mr. Miles while entering his guilty plea.

---

[6]     D.I. 76.

[7]     *State v. Miles*, 2020 WL 240214 (Del. Super. Ct. Jan. 15, 2020).

[8]     Super. Ct. Crim. R. 62(a)(5)(ii).

[9]     *Id.* at 62(a)(5)(iv).

Counsel also thoroughly prepared for and advocated during Mr. Miles's sentencing. In short, it plainly appears from the motion and the record of prior proceedings that Mr. Miles is not entitled to postconviction relief.

**NOW THEREFORE**, after careful and *de novo* review of the record in this case, and for the reasons stated in the Commissioner's Report and Recommendation of January 15, 2020, Mr. Miles's Motion for Postconviction Relief is **DENIED**.

**SO ORDERED this 5th day of February, 2020.**

**Paul R. Wallace, Judge**

Original to Prothonotary

cc:    Hon. Katharine L. Mayer
Erika R. Flaschner, Deputy Attorney General
Michael C. Heyden, Esquire
Von Miles, *pro se*